McCORD, Judge.
Appellant appeals a clarification order entered by the deputy commissioner pursuant to a mandate of this Court. We reverse.
On January 16, 1981, this Court reversed the deputy commissioner’s order in this case and remanded to the deputy commissioner to clarify his reasoning for accepting one doctor’s opinion as to maximum medical *848 improvement over that of the other doctors and for finding a three percent permanent partial disability when the medical evidence indicated that appellant had suffered either a zero percent or a ten percent permanent impairment. Rouse v. Wyldwood Tropical Nursery, et al., 392 So.2d 370 (Fla. 1st DCA 1981). The court also directed the deputy commissioner to state whether his finding of disability was based on physical impairment or diminution of wage-earning capacity.
In his clarification order, the deputy commissioner stated that he accepted the one doctor’s opinion over that of another doctor, because the other doctor has a reputation for being extremely liberal in his ratings, and, therefore, his opinions must be discounted. The deputy commissioner also apparently gave no consideration to the testimony of another doctor who also found that appellant had suffered a ten percent permanent impairment because that doctor was a general practitioner rather than an orthopedic surgeon. Under the facts of this case, the explanation does not provide a valid reason for accepting the one medical opinion of zero disability over the opinions of the other two doctors and compromising the result at three percent permanent impairment. In the clarification order, the deputy commissioner further stated that his finding of a three percent permanent partial disability is an anatomical rating arrived at after considering all the medical opinions and appellant’s testimony as to his condition and limitations. The record does not contain competent substantial evidence to support that finding. There is competent substantial evidence in the record to support a finding of a ten percent permanent partial disability and that maximum medical improvement occurred on May 25, 1979. We, therefore, reverse and remand for entry of an award accordingly.
Appellant contends that the deputy commissioner erred in failing to render an award based on loss of wage-earning capacity. However, the evidence is insufficient to show a loss of wage-earning capacity beyond the ten percent anatomical disability. Thus, we find no error in that regard.
REVERSED and REMANDED for entry of an order consistent with this opinion.
SHIVERS and WIGGINTON, JJ concur.